**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SLEP-TONE ENTERTAINMENT**
**CORPORATION,**

    **Plaintiff,**

v.                                                                         Case No.  8:11-cv-1552-T-30EAJ

**JASON BUTLER, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Jason Butler's Amended Motion to Set Aside Default Final Judgment and Permanent Injunction (Dkt. 93).  The Court, having considered the motion, and being otherwise advised of the premises, concludes that the motion should be granted.

On February 16, 2012, the Court entered a default final judgment and permanent injunction against Defendants Jason Butler, Dale Dunn, Joseph Dunn, Dunn Deal Entertainment, and Gary Sonnay (Dkt. 90).  The Court noted that none of the Defendants filed a response to the complaint or appeared to oppose Plaintiff's motion for default final judgment and permanent injunction.

On March 12, 2012, Defendant Jason Butler filed the instant motion.  Butler contends that an answer to the complaint in this case was filed, but for some reason, was not docketed (due to mistake or unfamiliarity with CM/ECF).  Butler also states that his counsel did not

receive notice, either electronically or in hard copy, of Plaintiff's motion for a clerk's default, the clerk's default, or Plaintiff's motion for default final judgment and a permanent injunction. Butler also argues that he has a meritorious defense to Plaintiff's trademark infringement claim and that, given the short passage of time, Plaintiff will not be unduly prejudiced if the Court vacates the judgment and permanent injunction entered against him.

The Court concludes that the default final judgment and permanent injunction should be set aside, solely as to Butler. Rule 60 of the Federal Rules of Civil Procedure permits relief from a final judgment in the event of "mistake, inadvertence, surprise, or excusable neglect." Butler's motion establishes mistake and inadvertence. Morever, any slight prejudice to Plaintiff is clearly outweighed by the strong policy of determining cases on their merits, especially given the short passage of time from the entry of the judgment and Butler's motion to set aside the judgment.[1]

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Jason Butler's Amended Motion to Set Aside Default Final Judgment and Permanent Injunction and for Oral Argument (Dkt. 93) is GRANTED.

2. Butler shall electronically file his answer to the complaint as a separate document on CM/ECF (included in his motion at pages 13-15) by this Friday, March 16, 2012.

---

[1] Because this is not a close call, it would be futile for the Court to wait and review any opposition Plaintiff may have to the instant motion.

3. The Default Final Judgment and Permanent Injunction entered on February 16, 2012 (Dkt. 90) is hereby set aside <u>solely as to Defendant Jason Butler</u>.

4. The CLERK shall reinstate Defendant Jason Butler as a party-Defendant in this case.

5. Butler's counsel Corey D. Linick shall contact the CLERK's office and confirm that he is registered on CM/ECF and will receive electronic notice of all future filings in this case as long as he remains counsel of record. Mr. Linick should also verify with his e-mail provider that the CM/ECF notices are not getting diverted to his e-mail spam folder.

**DONE** and **ORDERED** in Tampa, Florida on March 14, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1552.mtsetaside93.frm